80 P.3d 342

**Carolyn B. PIKE, Plaintiff–Respondent,**

v.

**Wayne G. PIKE, Defendant–Appellant.**

No. 29278.

Court of Appeals of Idaho.

Nov. 10, 2003.

Cosho, Humphrey, Greener Welsh, Boise, for appellant. Christopher M. Bromley argued.

Hall, Friedly Ward, Mountain Home, for respondent. Jay R. Friedly argued.

PERRY, Judge.

Wayne G. Pike appeals from the decision of the district court reversing the magistrate's order granting summary judgment in an action to divide allegedly omitted property following the entry of a decree of divorce. For the reasons set forth below, we affirm the district court.

## I.

## FACTS AND PROCEDURE

On February 8, 2000, Carolyn B. Pike filed a divorce action, pro se, by means of a "form" complaint. In her complaint, Carolyn listed a single residence as the only real property acquired during the marriage. Carolyn did not list any personal property in the complaint but did check a box indicating that the community personal property had been "divided prior to this action." On March 13, 2000, Carolyn appeared at a default hearing. The magistrate granted a default and entered a decree of divorce. The language in the divorce decree mirrored the language of the complaint with regard to the division of community personal property, reciting that it was "divided prior to this action." The decree did not list specific items of personal property or purport to make any award of personal property to either party.

More than thirteen months later, Carolyn filed another "complaint" in the divorce case seeking a division of omitted property. Carolyn alleged that certain community personal property in the form of Wayne's retirement accounts—a military retirement pension, a Civil Service pension, and a thrift savings account—were not divided during the divorce proceedings and, therefore, should be categorized as omitted assets. Wayne filed an answer denying the allegations and asserting various affirmative defenses.

Both parties knew of the accounts prior to Carolyn filing for divorce and prior to the default hearing. Carolyn alleged in the new complaint, however, that she and Wayne had not reached an agreement regarding the division of the retirement accounts. Wayne contended that he and Carolyn had agreed that he would retain all benefits from the accounts.

On September 18, 2001, Wayne filed a motion for summary judgment. Wayne asserted that, because the divorce decree provided that any personal property had been "divided prior to this action," the retirement accounts were not omitted assets. Carolyn also filed a motion for summary judgment. The magistrate granted Wayne's motion and denied Carolyn's.

Carolyn appealed to the district court. The district court concluded that a genuine issue of material fact existed with regard to the parties' understanding of the retirement accounts. Additionally, the district court concluded that, because the parties failed to memorialize any alleged agreement in writing pursuant to I.C. § 32–917, the agreement was unenforceable and the accounts were therefore omitted assets. The district court reversed the magistrate's order and remanded the case for division of the accounts. Wayne now appeals.

On appeal, Wayne argues that the district court erred in looking beyond the four corners of the decree of divorce and considering the intent of the parties to discern whether the retirement accounts were omitted assets. Wayne also argues that the district court erred in concluding that a valid and enforceable agreement to divide community property must be in writing pursuant to I.C. § 32–917. Both parties request costs and attorney fees on appeal.

## II.

## DISCUSSION

■ On appeal, Wayne argues that the district court erred in reversing the magistrate's order granting summary judgment. On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct.App.1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini–Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct.App.2000). Once such an absence of evidence has been established the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

## A. Retirement Accounts as Omitted Assets

■ Wayne argues that the magistrate correctly granted summary judgment when it determined that, based on the express terms of the divorce decree, the retirement accounts were not omitted property. If the language of the decree is clear and unambig-

uous, determination of its meaning and legal effect is a question of law. *Toyama v. Toyama*, 129 Idaho 142, 144, 922 P.2d 1068, 1070 (1996). If, on the other hand, the language of the decree is reasonably susceptible to conflicting interpretations, it is considered ambiguous, and the determination of its meaning is a question of fact. *Id.*

■ At issue in the present case is whether the division of the community property language found in Carolyn's complaint and mirrored in the divorce decree is ambiguous. Specifically, the language in both documents indicate that any community property, aside from the parties' residence, was "divided prior to this action." Wayne argues that the language "divided prior to this action" is unambiguous and, thus, the district court erred by not relying on the plain meaning of the words to determine that the retirement accounts were not omitted assets.

On the other hand, Carolyn contends that the district court did not err in looking beyond the four corners of the decree of divorce. Carolyn argues that aside from stating that the community residence should be sold and any remaining money divided equally, the divorce decree did not address the division of the property. We agree.

The language in the decree, "divided prior to this action," unambiguously does not divide or award any personal property. It does not describe what property was divided or how any such property was divided. The decree stated, "[n]ow, therefore, it is hereby ordered, adjudged and decreed, and this does order, adjudge and decree" that with respect to the community property of Carolyn and Wayne, not including the community residence, the "remaining community property of the Parties shall be divided as follows: Plaintiff: Divided prior to this action; Defendant: Divided prior to the action." Because the decree does not adjudicate *any* community personal property, the retirement accounts were omitted assets.

■ Additionally, Wayne argues that the district court erred in concluding that his alleged agreement with Carolyn regarding the retirement accounts is unenforceable because they failed to memorialize it in writing.

Agreements made in contemplation of divorce are "marriage settlements" and are subject to the requirement set forth in I.C. § 32–917, which provides that such agreements must be in writing and acknowledged. *See Stevens v. Stevens*, 135 Idaho 224, 16 P.3d 900 (2000). Idaho Code Section 32–917 provides that all "contracts for marriage settlements must be in writing, and executed and acknowledged or proved in like manner as conveyances of land are required to be executed and acknowledged or proved."

Wayne asserts that the alleged agreement concerning the division of the retirement accounts is enforceable even if not in writing because he and Carolyn did not intend to create a marriage settlement agreement. In the alternative, Wayne contends that the divorce decree satisfies the writing requirement.

In this case, it is undisputed that no writing exists to memorialize an agreement regarding the division of the retirement accounts. If Wayne and Carolyn did reach an agreement as Wayne describes, the agreement was made in contemplation of their divorce. Based on the Idaho Supreme Court's decision in *Stevens*, any agreement reached between the parties concerning the division of retirement accounts must be in writing because they made it in contemplation of divorce. Because any agreement regarding the division of the retirement accounts is not in writing, it is unenforceable by either party. The divorce decree does not satisfy the writing requirement because it does not adopt or describe the terms of any agreement for the disposition of any community personal property and does not comport with I.C. § 32–917. Therefore, the district court did not err in concluding that the alleged oral agreement between Wayne and Carolyn is unenforceable, and we remand this case to the magistrate for a division of the omitted assets.

### B. Costs and Attorney fees

Wayne requests attorney fees with respect to Carolyn's appeal of the magistrate's decision pursuant to I.C. § 12–121 and I.A.R. 41. The district court denied Wayne's request. Carolyn requests attorney's fees with respect to the present appeal pursuant to I.C. § 12–121 and I.A.R. 41. An award of costs and attorney fees may be granted under I.C. § 12–121 and I.A.R. 41 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct.App.1995).

Neither party brought or defended an appeal frivolously, unreasonably, or without foundation. Therefore, the Court denies attorney fees to both parties pursuant to I.C. § 12–121 and I.A.R. 41. As the prevailing party, Carolyn is awarded costs.

### III.

### CONCLUSION

Based upon the foregoing, this Court concludes that the district court did not err in reversing the magistrate's order granting summary judgment in favor of Wayne. The decision of the district court is affirmed and the issue of the division of the omitted assets is remanded to the magistrate. Neither party brought or defended this appeal frivolously, unreasonably, or without foundation and thus, no attorney fees are awarded to either party. However, costs on appeal are awarded to respondent, Carolyn B. Pike.

Chief Judge LANSING and Judge GUTIERREZ concur.