92 P.3d 557

Ricky Jack ACKERMAN,
Plaintiff–Appellant,

v.

BONNEVILLE COUNTY, The City of Idaho Falls and William P. Hollerich, Defendants–Respondents.

No. 29021.

Court of Appeals of Idaho.

June 3, 2004.

Swafford Law Office, Chtd.; Duffin Law Group, Idaho Falls, for appellant. Ronald L. Swafford argued.

Anderson, Nelson, Hall, Smith, Idaho Falls, for respondent, Bonneville County. Scott R. Hall argued.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondent, The City of Idaho Falls. Dale W. Storer argued.

Hon. Lawrence G. Wasden, Attorney General; Roger L. Gabel, Deputy Attorney General, Boise, for respondent, William P. Hollerich. Roger L. Gabel argued.

GUTIERREZ, Judge.

Ricky Jack Ackerman filed a petition for writs of mandate and prohibition, seeking that a resident magistrate from Clark County be prevented from presiding over cases in Bonneville County. The district court granted the respondents' motions for judgment on the pleadings and a motion to dismiss, concluding that Ackerman failed to state a claim upon which relief could be granted. For the reasons set forth below, we affirm.

I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ackerman had been arrested for driving under the influence (DUI) and trial was set for April 10, 2002, in Bonneville County. The trial was assigned to the Honorable William P. Hollerich, who was the resident magistrate for Clark County but who had been routinely assigned to also hear cases in Bonneville County. Prior to trial, Ackerman filed motions to disqualify this magistrate. On the day of Ackerman's DUI trial, his motions to disqualify were heard and denied. At the conclusion of the trial, Ackerman was acquitted of DUI but the jury found him guilty of possession of an open container of alcohol within a vehicle.

Prior to his DUI trial, Ackerman also filed in district court a petition for writs of mandate and prohibition, naming Bonneville County (the County), the City of Idaho Falls (the City) and Judge Hollerich as defendants. Ackerman claimed Judge Hollerich is a permanent magistrate in Bonneville County and the "de facto equivalent of a resident full time judge in Bonneville County." Ackerman claimed that it was the legislature's intent that the citizens of the county where a judge presides have the right to vote on retention of the judge, and that the City and the County were in violation of statutory voting rights through their utilization of Judge Hollerich's services. Ackerman alleged he would suffer irreparable harm if Judge Hollerich were allowed to preside over his DUI trial. Ackerman asked that "an immediate Writ of Mandate, and/or Writ of Prohibition be issued against the City of Idaho Falls, Bonneville County, and William P. Hollerich prohibiting William P. Hollerich from presiding over cases in Bonneville County until further order of the court."

Judge Hollerich filed an answer to the petition and filed a motion for judgment on the pleadings, arguing: (1) that the issue was moot because the DUI trial had been completed, and Ackerman's claimed injury [1] nev-

---

1. Ackerman's stated concerns regarding Judge Hollerich included alleged practices of immedi-

er came into being; (2) that the claim of denial of voting rights on retention lacked merit, and (3) that Ackerman's action was frivolous, and therefore attorney fees and costs should be awarded against Ackerman.

The County filed a motion to dismiss, arguing that Ackerman had failed to state a claim upon which relief could be granted, with regard to Bonneville County. Specifically, Ackerman's only allegation against the County was that it violated statutory voting rights by utilizing the services of Judge Hollerich. The County asserted it had no authority over assignment of cases to judges, so relief could not be obtained against the County. The County also asked for attorney fees and costs, based on a frivolous filing. The City filed a motion for judgment on the pleadings, with the same arguments raised by the County, and joining in Judge Hollerich's motion for judgment on the pleadings.

The district court, in addition to the pleadings, took into account affidavits and dismissed the action. The court ruled that any procedural issue related to Ackerman's DUI trial was not an appropriate basis for writs because Ackerman had a plain, speedy and adequate remedy in the ordinary course of law—a direct appeal. With regard to voting for retention of magistrate judges, the district court found that the United States Constitution, the Constitution of the State of Idaho and the Idaho Code did not provide for the voting right which Ackerman asserted, and therefore Ackerman had established no clear legal right to the relief he requested. The district court dismissed the petition and subsequently awarded the County $3,325.50 in attorney fees and costs, and the City $3,682.96 in attorney fees and costs. These awards were made against both Ackerman and his trial counsel. Ackerman appeals.

## II.

### STANDARD OF REVIEW

Where a motion is captioned as a motion to dismiss but the court looks to evidence outside the pleadings, the motion is more prop-

ately incarcerating a defendant following conviction, and holding evidentiary hearings in the

erly treated as a motion for summary judgment under I.R.C.P. 56(c). *See* I.R.C.P. 12(b) and 12(c); *Thomson v. City of Lewiston,* 137 Idaho 473, 476, 50 P.3d 488, 491 (2002); *Merrifield v. Arave,* 128 Idaho 306, 307, 912 P.2d 674, 675 (Ct.App.1996). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.,* 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994). On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986).

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

presence of the jury.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick v. Elder,* 126 Idaho 308, 312, 882 P.2d 475, 479 (Ct.App.1994).

■ On appeal from a decision denying a writ of mandate this Court's task is to apply the same standard required of the district court. *Brady v. City of Homedale,* 130 Idaho 569, 571, 944 P.2d 704, 706 (1997). The party seeking a writ of mandate must establish a "clear legal right to the relief sought." *Id.* Additionally, the writ of mandate will not issue where the petitioner has a "plain, speedy and adequate remedy in the ordinary course of law." I.C. § 7–303. This standard applies equally to a writ of prohibition.[2]

### III.

### ANALYSIS

### A. Disqualification of Judge Hollerich in DUI Case

■ At oral argument, Ackerman asserted that the petition filed in district court was to serve as an alternative means to disqualify Judge Hollerich from presiding over the DUI trial. Prior to the DUI trial, Ackerman filed two motions to disqualify Judge Hollerich. These motions were denied on the day of trial. Judge Hollerich presided over the DUI trial where the jury acquitted Ackerman of DUI but found him guilty of possession of an open container of alcohol within a vehicle. Ackerman's petition for writs alleged that if Judge Hollerich was not prevented from presiding over his case, irreparable harm would be suffered. The district court ruled that Ackerman had a plain, speedy and adequate remedy in the normal course of law, because the denial of the motions to disqualify, as well as any other adverse rulings resulting from the DUI case, could be appealed directly. Ackerman does not challenge this ruling. Therefore we affirm the district court's decision not to issue a writ of prohibition on this basis.

### B. The Right to Vote for Magistrates

■ Ackerman argues that he and the residents of Bonneville County have a right to vote on the retention or non-retention of Judge Hollerich because he hears the majority of his caseload in Bonneville County and the Idaho State Legislature intended for judges to run on their record—that is, where they hear cases. The extraordinary writs of mandate and prohibition may issue only in specific circumstances. Foremost, they will not issue unless there exists no adequate remedy in the ordinary course of the law or unless the petitioner establishes a "clear legal right to the relief sought." I.C. §§ 7–303, –402; *see Brady,* 130 Idaho at 571, 944 P.2d at 706.

■ Ackerman claims that Idaho law required that Judge Hollerich be subject to an election for retention in Bonneville County.[3] In support of this argument, Ackerman cites to I.C. § 1–2220, the statute governing retention elections for magistrate judges. In pertinent part, it states:

> Any magistrate appointed pursuant to the provisions of section 1–2205, Idaho Code, and section 1–2207(2), Idaho Code, shall stand for office in the first general election next succeeding the expiration of the eighteen (18) month period established pursuant to section 1–2207, Idaho Code. Any magistrate may, not less than ninety (90)

---

2. *Compare* I.C. § 7–303 (The writ [of mandate] must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law.) *with* I.C. § 7–401 (The writ of prohibition is the counterpart of the writ of mandate.) *and* I.C. § 7–402 ([The writ of prohibition] may be issued ... where there is not a plain, speedy and adequate remedy in the ordinary course of law.)

3. We note that, initially, Ackerman also based his claim on federal and state constitutional rights to vote for judges. Such a right does not exist under the United States Constitution. *Chisom v. Roemer,* 501 U.S. 380, 400, 111 S.Ct. 2354, 2366–67, 115 L.Ed.2d 348, 366–67 (1991). Under the Constitution of the State of Idaho, there is no right to vote for magistrate judges. Idaho Const. article V (establishing the Judicial branch of Idaho state government and granting authority to the Idaho State Legislature to create courts inferior to the Idaho Supreme Court). These constitutional bases were abandoned at oral argument and are not further addressed herein.

days prior to the holding of the general election next preceding the expiration of his term of office, file *in the office of the county clerk of the county for which he is a resident magistrate,* accompanied by a filing fee of forty dollars ($40.00), a declaration of candidacy to succeed himself. If a declaration is not so filed by any magistrate, the vacancy resulting from the expiration of his term of office shall be filled by appointment as herein provided, except that any magistrate who does not file shall be ineligible for appointment within the same judicial district until two (2) years following the expiration of his last term of office have expired. If such a declaration is filed, *his name shall be submitted at the next general election to the voters eligible to vote within the county for which he is appointed.*

I.C. § 1–2220 (emphasis added). If the statutory language is clear and unambiguous, statutory construction is unnecessary and this Court need merely apply the statute. *Hamilton ex rel. Hamilton v. Reeder Flying Service,* 135 Idaho 568, 572, 21 P.3d 890, 894 (2001); *Kootenai Elec. Coop. Inc. v. Washington Water Power Co.,* 127 Idaho 432, 435, 901 P.2d 1333, 1336 (1995). Ambiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous. *Rim View Trout Co. v. Higginson,* 121 Idaho 819, 823, 828 P.2d 848, 852 (1992). We conclude the statute's plain language is not susceptible of any meaning beyond requiring a magistrate to run for retention in the county for which he is appointed, and not in any or all counties where the magistrate hears cases.[4]

Ackerman also claims that the fact that Judge Hollerich hears most of his cases in Bonneville County, rather than in his county of appointment, makes him a de facto magistrate for Bonneville County, and therefore he must stand for a retention election in Bonneville County. Ackerman cites to I.C.

§ 1–907(i), which allows the district's Administrative District Judge to assign magistrates to "temporary duty" in other counties within the district. Ackerman claims Judge Hollerich's caseload in Bonneville County is beyond "temporary," creating a de facto appointment in Bonneville County, and imposing the voting requirement of I.C. § 1–2220. However, Ackerman has not cited to any authority by which this Court could transform a magistrate appointed to reside in Clark County into a magistrate appointed to reside in Bonneville County. Ackerman also has not cited to any case law addressing "de facto" magistrate judges. Last, there is no legal basis upon which the City and the County could exercise any authority over Judge Hollerich, in an effort to prevent him from hearing cases in Bonneville County.

Having considered Ackerman's claim to a legal right which would sustain these writs, we conclude the statutes are simple, plain and clear and do not sustain his claim. Ackerman failed to establish a clear legal right to vote on the retention of Judge Hollerich, a resident Clark County magistrate who hears most of his cases in Bonneville County at the assignment of the Administrative District Judge of the Seventh Judicial District.

## C. Attorney Fees in District Court

■ Ackerman challenges the award of attorney fees and costs granted by the district court. The district court found Ackerman's petition to be frivolous, unreasonable and without foundation in claiming a violation of nonexistent constitutional and statutory rights. The district court awarded attorney fees and costs to the City and County, pursuant to I.C. §§ 12–121, –123, and I.R.C.P. 54(d)(1). Additionally, the district court ordered such costs as against both Ackerman and his trial counsel, pursuant to I.C. § 12–123(d). Judge Hollerich was awarded costs, but not attorney fees, and does not challenge this on appeal.

---

4. Judge Hollerich is the resident magistrate for Clark County. Clark County is not a highly-populated county, having approximately 1,022 people. IDAHO BLUE BOOK 221, MARILYN JOHNSON ED., CAXTON PRINTERS, LTD. 2003/2004. Ackerman's contention that a magistrate may sit only in counties where the electorate may vote on the magistrate's retention potentially would require Judge Hollerich to sit idle in his Clark County offices because the population of Clark County does not generate a substantial caseload.

■ An award of attorney fees under I.C. §§ 12–121 or –123 is discretionary and will be reviewed for an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Section 12–123 required the court to find that the action was not supported in fact or warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.

The district court was unconvinced by any arguments presented by trial counsel. This Court's own analysis of Ackerman's arguments leave us with the same conclusion. Therefore, we affirm the district court's award of fees as against Ackerman and his counsel.

## D. Attorney Fees On Appeal

■ Judge Hollerich seeks costs and attorney fees on appeal against Ackerman and his attorney, pursuant to I.A.R. 11.1, 35(b)(5), 41, and I.C. § 12–121. The City of Idaho Falls seeks attorney fees on appeal against Ackerman and his attorney, pursuant to I.A.R. 11.1, 41, and I.C. §§ 12–121, –123. Bonneville County seeks attorney fees on appeal against Ackerman and his attorney, pursuant to I.A.R. 41, I.R.C.P. 54, and I.C. §§ 12–120, –121, –123.

Attorney fees on appeal are not awarded as a matter of right. Idaho Appellate Rule 41 requires parties to request attorney fees in their first appellate brief, pursuant to I.A.R. 35(a)(5) and 35(b)(5). Judge Hollerich, the City and the County are the prevailing parties on appeal. All prevailing parties have cited I.C. § 12–121 as the basis for an award of attorney fees. Attorney fees may be awarded under this statute if the court finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1). Ackerman did not challenge the district court's ruling that the procedural issues within the DUI trial could have been addressed through a direct appeal—Ackerman's plain, speedy and adequate remedy in the normal course of the law. Additionally, for extraordinary writs to issue, Ackerman had to establish a clear legal right to the relief he sought. We have concluded the relevant statutes are entirely contrary to Ackerman's claim for relief. Moreover, the City and the County were not proper subjects of this claim to relief. Consequently, Judge Hollerich, the City and the County are entitled to reasonable attorney fees under I.C. § 12–121 for defending a frivolous appeal.

■ Attorney fees against Ackerman's appellate counsel are also sought on appeal pursuant to I.A.R. 11.1. The rule provides in pertinent part:

The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

The rule sets out the following test:

To the best of the signer's knowledge, information, and belief after reasonable inquiry, the action:

1. is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *and*

2. it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*See Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003).

We already have rejected Ackerman's claims for the issuance of writs. We conclude the arguments were not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The second prong of Rule 11.1, however, requires this Court to find that the appeal was interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Two recent Idaho Supreme Court cases address sanctions on appeal under Rule 11.1. In *Painter*, 138 Idaho 309, 63 P.3d 435, respondents sought sanctions against Painter's appellate counsel, pursuant to I.A.R. 11.1. The Court concluded the issues on appeal had dubious factual or legal foundations, and that none might in good faith call for change or adjustment in existing law. The Court then examined the second prong, whether the appeal was brought for an improper purpose:

> The record shows that this appeal arose as the result of Tait's vigorous, perhaps overzealous, representation of a client. There is, however, no persuasive indication that Tait or his client interposed this appeal for an improper purpose. Therefore, this Court denies the respondents' requests that it sanction Tait.

*Painter*, 138 Idaho at 315, 63 P.3d at 441. In *Rodriguez v. Dep't of Corr.*, 136 Idaho 90, 29 P.3d 401 (2001), a prisoner filed a tort claim against the state for injuries suffered when a tire he was filling with air exploded. The prisoner suffered brain damage and was in a coma. The tort claim was dismissed as untimely. Rodriguez filed a second complaint, arguing that the 180–day notice of tort claim limitation should be tolled because of the prisoner's incapacitation. The district court

dismissed this action based on collateral estoppel resulting from dismissal of the first action. Rodriguez appealed. On appeal, the Court considered that counsel had been retained prior to the running of the 180–day filing limitation, and could offer no explanation of why it had failed to file the proper notice. The Court held that the appeal was not well grounded in fact or warranted by existing law and constituted a needless increase in the cost of litigation. Thus, under these circumstances, the Court concluded that personal sanctions against appellate counsel were warranted. *Rodriguez*, 136 Idaho at 94–95, 29 P.3d at 405–06.

The instant case is more analogous to *Painter*. The facts of *Rodriguez* are more egregious: the attorney having undertaken representation prior to the running of the 180–day filing window; the failure to file within the window; trial counsel's failure to provide facts or evidence to justify tolling; and the filing of the second, similar complaint, from which the appeal was taken.

This appeal results from vigorous, perhaps overzealous, representation of a client. However, it does not appear to have been brought for an improper purpose—to harass or to cause unnecessary delay or needless increase in the cost of litigation. Consequently, this Court will not award sanctions against appellate counsel under I.A.R. 11.1.

The City and the County also seek personal sanctions against Ackerman's appellate counsel under I.C. § 12–123(d). Idaho Code § 12–123 allows for sanctions for "frivolous conduct," which is defined as conduct which: (1) obviously serves merely to harass or maliciously injure another party to the civil action; *or* (2) is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. Pursuant to I.C. § 12–123(d), an award of reasonable attorney fees pursuant to this section may be made against a party, his counsel of record, or both.

Idaho Code § 12–123 is written in the disjunctive, requiring *either* harassment or malicious injury *or* a lack of legal basis. Based on our analysis concerning sanctions

under Rule 11.1, we have already concluded this appeal is *without foundation in law*. Therefore, the City and County are awarded attorney fees on appeal against Ackerman's appellate counsel. This award is to be joint and several as between Ackerman and appellate counsel.

 Pursuant to I.A.R. 40, prevailing parties are awarded costs as a matter of right. Therefore Judge Hollerich, the City and the County are all awarded their costs incurred in defending this appeal.

## IV.

### CONCLUSION

Based on the foregoing, we affirm the district court's order dismissing Ackerman's petition and awarding attorney fees to the City and County, against Ackerman and his trial counsel. Costs and attorney fees on appeal are awarded to all respondents against Ackerman. Additionally, the award of attorney fees on appeal to the City and the County is granted as against both Ackerman and his appellate counsel, jointly and severally.

Chief Judge LANSING and Judge PERRY concur.