132 P.3d 449

Orson MERRILL and Lydia Merrill, husband and wife, Plaintiffs–Counterdefendants–Respondents,

v.

David GIBSON, an individual, and All Known Individuals who may claim any interest in the real property which is the subject of these proceedings, individually, jointly and severally, Defendants–Counterclaimants–Appellants.

No. 31208.

Court of Appeals of Idaho.

Dec. 9, 2005.

Rehearing Denied April 6, 2006.

Review Denied June 21, 2006.

Vernon K. Smith Jr., Boise, for appellant.

Thomas G. Maile IV, Eagle, for respondent.

LANSING, Judge.

David Gibson appeals district court orders for the removal of his personal property from real property owned by plaintiffs-respondents Orson and Lydia Merrill. We affirm.

## I.

### BACKGROUND

The course of litigation leading up to this appeal is long and somewhat tortuous. In February 2001, Orson and Lydia Merrrill filed an action against David Gibson to quiet title to certain real property. Although the Merrills held legal title to the twenty-acre parcel, Gibson had occupied it since 1991 and, in the intervening years, had used the property for his composting business. By the time the Merrills filed their complaint, Gibson had accumulated a massive amount of compost material and a variety of related equipment and machinery on the property. On April 3, 2002, the district court decided in favor of the Merrills, and on June 6, 2002, ordered Gibson to vacate the premises by July 31, 2002.

Gibson appealed the April 3 judgment to the Idaho Supreme Court. Pending that appeal, the district court granted a stay of execution of the June 6 order, thereby allowing Gibson to remain on the premises. As a condition of the stay, the district court ordered Gibson to post a $10,000 bond to be used in the event Gibson lost on appeal and failed to remove his personal property within a reasonable time. On February 27, 2004, the Idaho Supreme Court affirmed the district court's judgment. *Merrill v. Gibson,* 139 Idaho 840, 87 P.3d 949 (2004). The Supreme Court also deemed Gibson's appeal frivolous and on that basis awarded attorney fees on appeal to the Merrills under Idaho Code § 12–121. *Id.* at 846, 87 P.3d at 955.

Following remand, on April 30, 2004, the district court lifted the aforementioned stay. On May 12, 2004, Gibson again moved the district court for a stay of execution—this time pending his petition to the United States Supreme Court for a writ of certiorari. Shortly thereafter, on May 27, 2004, the Merrills moved the district court for an order compelling Gibson to remove his property from their land. In a June 22, 2004 order, the district court impliedly denied Gibson's request for a stay by ordering him to "immediately remove" himself and his personal property from the premises. One week later, on June 29, Gibson filed a motion requesting the district court reconsider its June 22 order. Gibson asserted it would take sixty to ninety days to relocate his equipment and large quantities of compost, and that it was therefore impossible to comply with the district court's order for immediate removal. A hearing to address this matter was held on August 12 and, reasoning that Gibson had already had 104 days since the stay was lifted to remove his personal property, the district court granted him only thirty more days to "completely remove himself and all personal effects and property or forever be barred from entry and/or possession." The written order was dated August 23, 2004.

Gibson's thirty days expired on September 12, and on September 16 the district court held another hearing to revisit the matter. As of the hearing, Gibson still had not re-moved all of his personal property. Consistent with its prior warning, the court thereupon prohibited Gibson from entering the Merrills' property, ordered the Merrills to begin relocating Gibson's remaining personal property to a location designated by Gibson, and directed that the Merrills would be reimbursed from the $10,000 bond. Finally, the court's order specified that either party could schedule another hearing in the event that any of Gibson's personal property remained on the Merrills' land after funds available from the bond had been exhausted by the Merrills' removal efforts. These terms were encompassed in a written order dated September 27, 2004.

Gibson now appeals the orders of August 23 and September 27, 2004. He argues that the district court abused its discretion by establishing a deadline that was too short and then prohibiting him from retrieving his remaining personal property. Gibson also asserts that the district court abused its discretion in applying the bond to the Merrills' relocation efforts rather than releasing it to him. Finally, Gibson argues the district court's orders were in contravention to Idaho Code § 6–418 as well as unspecified terms of Title 8, Chapter 3 of the Idaho Code.

## II.

## ANALYSIS

### A. District Court's Exercise of Discretion

 Gibson contends that the district court abused its discretion by ordering him to remove his property from the Merrills' land within thirty days of August 12, rather than allowing him the sixty to ninety days he said would be required, and then refusing to allow additional time when the removal wasn't completed by the court's deadline. In evaluating whether the district court abused its discretion, this Court applies a three-factor test: (1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the district court reached its decision by an exercise of reason. *Dillon v.*

*Montgomery,* 138 Idaho 614, 617, 67 P.3d 93, 96 (2003); *Baxter v. Craney,* 135 Idaho 166, 169, 16 P.3d 263, 266 (2000); *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

■ A trial court possesses the authority to compel obedience to its orders, *Smith v. Smith,* 136 Idaho 120, 122, 29 P.3d 956, 958 (Ct.App.2001), and to direct the execution of a judgment "on such conditions for the security of the adverse party as are proper." Idaho Rule of Civil Procedure 62(a). The record in the present case shows that the district court attempted to ensure the security of Gibson's property but Gibson failed to cooperate. When the district court gave Gibson a final thirty-day deadline to remove his personal property, it reasoned that Gibson had already had 104 days since the court lifted the stay—more than enough time for Gibson to conduct sixty-to-ninety days' worth of removal activities. Gibson argues he was not obligated to remove his personal property during the portion of this period in which he awaited the outcome of his motion for a stay pending his petition to the U.S. Supreme Court. The motion for a stay, however, was denied by the district court on June 22, 2004. So, even if, as Gibson contends, he was absolved from any obligation to remove his property while he awaited a ruling on his motion (a proposition with which we imply no agreement), he still had eighty-two days to remove his personal property between the district court's denial of his motion (June 22) and the end of his final thirty-day deadline (September 12). According to Gibson's own sixty-to-ninety day estimate, all, or nearly all, of his property could have been relocated during that eighty-two day period.

The record contains no evidence submitted by either party by way of affidavit, photograph or other documentation showing the quantity of compost or other property actually removed by Gibson. In the district court, each party relied on unsubstantiated asser-

tions of counsel. At the August 12, 2004 hearing, the Merrills maintained that they possessed photographic evidence "from 2002 to the present time that shows nothing, in essence, has been removed." Then, at the September 16, 2004 hearing following the court-imposed thirty-day deadline, Gibson claimed he had been "earnestly engaged" in removing his property, for up to ten or twelve hours per day, with his initial focus on the compost. The Merrills' counsel, however, advised the court that Gibson had "spent no more than eight hours moving a few rows of compost in the last 30 days." Clearly exasperated, the district court told Gibson that he had had "plenty of opportunity" to remove his property and had not done so. The court added, "I don't care what [your] excuse is, I don't buy it." It is thus apparent that the district court did not believe Gibson's assertion that he had been "earnestly engaged" in removing his property.[1] Consequently, rather than further deferring to Gibson's inaction, the district court turned the removal duties over to the Merrills and applied Gibson's $10,000 bond to their efforts.

Under these circumstances, we find no abuse of discretion by the district court. The district court correctly perceived the manner in which it enforced the judgment against Gibson as one of discretion and afforded Gibson sufficient time to remove, or at least demonstrate legitimate efforts to remove, his personal property from the Merrills' land. Gibson presented no evidence of any sincere effort to comply with the court's deadline and the district court soundly reasoned that allowing Gibson more time would be fruitless. Gibson's $10,000 bond was posted in anticipation of this very event, and Gibson has not shown that the court's order that the bond proceeds be made available to the Merrills to finance their removal of Gibson's property was an abuse of discretion or otherwise unlawful.[2] The district court's orders were con-

---

1. At the August 12 hearing, Gibson's counsel alluded to a requirement that his client obtain some sort of government permit before he could begin relocating the compost, and he has made similar assertions on appeal. In neither the district court nor on appeal, however, has he ever identified any statute or ordinance creating such a requirement, or identified any governmental

entity issuing such a permit, or presented any documentation showing that he has applied for any such permit.

2. In March 2005, after the instant appeal was taken, the district court held a hearing regarding the application of the bond proceeds to the Merrills' expenses. Gibson has since appealed the

sistent with applicable legal standards and, considering that the district court invited Gibson back to further address the matter after exhaustion of the bond funds, it is clear there was no abuse of discretion.

## B. Claim of Conversion

■■■ Gibson argues that the district court's order prohibiting him from entering the Merrills' property to retrieve his personal property, coupled with the Merrills' "refus[al] to relocate it," amounts to a conversion. On the record before us, this claim is absurd. The tort of conversion by one holding another's property requires proof that the possessor wrongfully refused to relinquish the property to the owner. *Peasley Transfer & Storage Co. v. Smith,* 132 Idaho 732, 743–44, 979 P.2d 605, 616–17 (1999). Far from trying to retain Gibson's property, the record here shows that the Merrills have done nothing but try to get rid of it. At the hearing prior to the district court's September 27 order prohibiting Gibson from entering the Merrills' property, the Merrills' counsel suggested that the Merrills "now try to remove the property in any manner in which we can, and then we will seek recourse against the bond." The district court thereafter ordered the Merrills to begin removing Gibson's property to the location that he specified—property across the road belonging to the mother of Gibson's counsel. The district court also authorized the Merrills to apply for reimbursement for their removal expenses from the $10,000 bond posted by Gibson for exactly these purposes. Finally, the district court invited the parties to schedule another hearing if the bond was exhausted before the Merrills had completely removed Gibson's personal property. Thus, the record shows that neither the district court nor the Merrills intended that Gibson's personal property remain in the possession of the Merrills, and Gibson's claim of conversion is fatuous.

## C. Alleged Violations of Idaho Code

■■■ Gibson also argues vaguely that the district court acted contrary to Title 6, Chap-

ter 4 of the Idaho Code, which deals with actions to quiet title. He points out that I.C. § 6–418 states that the owner in a quiet title action is entitled to an execution to put him in possession of the property "in accordance with the provisions of this act, but not otherwise." He asserts that the execution order here was not rendered "in accordance with the provisions of this act," but cites no provision of Title 6, Chapter 4, that was allegedly violated. Further, Gibson did not raise any issues to the district court regarding any terms of this chapter of the Idaho Code. Gibson has not identified the claimed statutory violation with sufficient specificity to enable us to address it, and even if such specificity were presented, it appears that the issue was not preserved for appeal by presentation to the trial court. *See KEB Enterprises, L.P. v. Smedley,* 140 Idaho 746, 754, 101 P.3d 690, 698 (2004) (issues not raised below will not be considered on appeal); *Nelson v. Anderson Lumber Co.,* 140 Idaho 702, 712, 99 P.3d 1092, 1102 (Ct.App.2004) (same).

## D. Attorney Fees and Rule 11.1 Sanctions

■■■ The Merrills urge this Court to award attorney fees on appeal against Gibson pursuant to I.C. §§ 12–121 and 12–123 and Idaho Appellate Rule 41, and to impose sanctions against Gibson's counsel pursuant to I.A.R. 11.1 and I.C. § 12–123. An award of attorney fees under I.C. § 12–121 and I.A.R. 41 is appropriate if the appellate court concludes that the appeal was brought frivolously, unreasonably, or without foundation in law or fact. *Vanvooren v. Astin,* 141 Idaho 440, 444, 111 P.3d 125, 129 (2005); *Durrant v. Christensen,* 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). In addition to those provisions, I.A.R. 11.1 and I.C. § 12–123 allow sanctions to be imposed against an attorney, a represented party, or both. Idaho Appellate Rule 11.1 requires an attorney to certify that, to the best of his or her knowledge, information, and belief after reasonable inquiry, a notice of appeal or brief submitted to the court is (1) well grounded in fact and

---

district court's order resulting from that hearing, but that appeal is not before us. Thus, we will not address the merits of Gibson's assertions in

the present appeal that the Merrills have wasted or "dwindl[ed]" the bond.

warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (2) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. When both of these certifications have been violated, sanctions are appropriate. *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003); *Nepanuseno v. Hansen*, 140 Idaho 942, 947, 104 P.3d 984, 989 (Ct.App. 2004). Sanctions for violations of I.A.R. 11.1 "may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee." I.A.R. 11.1.

Idaho Code § 12–123 similarly allows for sanctions for frivolous conduct in litigation. Conduct is frivolous under section 12–123 if it: (1) obviously serves merely to harass or maliciously injure another party to the civil action; or (2) is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. I.C. § 12–123(b); *Ackerman v. Bonneville County*, 140 Idaho 307, 313–14, 92 P.3d 557, 564 (Ct.App.2004). The sanctions are limited to an award of reasonable attorney fees, I.C. § 12–123(c), and may be awarded against the offending party, that party's counsel, or both. I.C. § 12–123(d).

■ We conclude that an award against Gibson for the Merrills' attorney fees on appeal and the imposition of sanctions against his attorney are warranted. Gibson has not raised a single issue on appeal that could be considered "fairly debatable." *See National Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon*, 141 Idaho 537, 542, 112 P.3d 825, 830 (2005); *Black v. Ameritel Inns, Inc.*, 139 Idaho 511, 515, 81 P.3d 416, 420 (2003). His primary argument—that he was not given sufficient opportunity to remove his personal property—is without any evidentiary support in the record and is merely an invitation for this Court to second-guess the district court's well-supported discretionary decision. *See Pass v. Kenny*, 118 Idaho 445, 449–50, 797 P.2d 153, 157–58 (Ct.App.1990)

(attorney fees are awardable on appeal from trial court's discretionary decision if no cogent challenge is presented with regard to the trial judge's exercise of discretion). Gibson's argument that the trial court and the Merrills have committed the tort of conversion is beyond frivolous, and his assertion of some type of violation of Idaho statutes identifies no statute that was allegedly violated and was not raised below so as to be preserved for consideration on appeal. Thus, Gibson presents "no cogent challenge" to the district court's exercise of discretion. *Id.* The appeal is frivolous, and we therefore award attorney fees against Gibson pursuant to I.A.R. 41, and I.C. §§ 12–121.

Further, this appeal bears every indicator of being just the latest in a long line of tactics bearing no purpose other than delay or harassment. The district court's initial judgment in favor of the Merrills, which ordered Gibson to remove himself and his personal property from the disputed real property, was entered in April 2002. Rather than complying with the judgment, Gibson took an appeal to the Idaho Supreme Court which that Court characterized as frivolous and for which the Supreme Court awarded attorney fees against Gibson. Gibson thereupon filed a petition asking the United States Supreme Court to grant certiorari on an issue that the Idaho Supreme Court had deemed frivolous. He also sought a stay of execution of the district court's judgment pending a ruling on his petition for certiorari and, when that request was denied, repeatedly sought more time for compliance with the district court's judgment without presenting the slightest evidence to support his counsel's assertion that he was "earnestly engaged" in removing his personalty. From the time of the Idaho Supreme Court's decision affirming the judgment requiring removal of Gibson's property from the Merrills' land, until the district court's September 16, 2004 order prohibiting Gibson's further entry on the real property, nearly seven months passed during which time Gibson did not comply with the judgment. Steps taken by Gibson that have delayed the Merrills' ability to experience "full access and peaceful and quiet enjoyment of the subject property" granted them by the July 31, 2002 judgment have culminated with

the present appeal that presents no colorable basis for relief.

This appeal can be seen only as the most recent stage in a pattern of delays by Gibson and his attorney to avoid relinquishing the Merrills' real property to their unhindered possession. We conclude that Gibson and his counsel have interposed this appeal for an improper purpose, and this appeal therefore satisfies the standards for sanctions under both I.C. § 12–123 and I.A.R 11.1. Accordingly, we impose sanctions against Gibson and his attorney jointly in the amount of reasonable attorney fees incurred by the Merrills for this appeal.

## III.

## CONCLUSION

Gibson has shown no error in the trial court's orders issued after remand in the first appeal to enforce its judgment compelling Gibson's removal of his personalty from the Merrills' land, nor in its order allowing the Merrills to undertake removal and seek reimbursement from Gibson's bond upon Gibson's failure to comply with the court orders. Because we conclude that this appeal is frivolous and was interposed for an improper purpose, we award attorney fees to the Merrills pursuant to I.C. §§ 12–121 and 12–123 and impose sanctions against Gibson and his attorney, jointly and severally, pursuant to I.A.R. 11.1.

The post-judgment orders of the district court are affirmed. Costs and attorney fees to respondent.

Chief Judge PERRY, and Judge Pro Tem SCHWARTZMAN concur.

