87 P.3d 949

**Orson MERRILL and Lydia Merrill, husband and wife, Plaintiffs–Counterdefendants–Respondents–Cross Appellants,**

v.

**David GIBSON, an individual, and All Unknown Individuals who may claim any interest in the real property which is the subject of these proceedings, individually, jointly and severally, Defendants–Counterclaimants–Appellants–Cross Respondents.**

No. 28542.

Supreme Court of Idaho,
Boise, December 2003 Term.

Feb. 27, 2004.

Rehearing Denied April 12, 2004.

Vernon K. Smith, Jr., Boise, argued for appellants.

Thomas G. Maile, IV, Eagle, argued for respondents.

TROUT, Chief Justice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1991, David Gibson (Gibson) looked to relocate his tree and shrub nursery and negotiated to buy twenty acres south of Boise, Idaho (Twenty Acres). Gibson took possession of the Twenty Acres in June 1991, but did not enter into a purchase agreement until September 3, 1991. After taking possession, Gibson moved large amounts of compost onto the land to recondition the soil and also stored other items on the property.

Gibson informed his friend Orson Merrill he intended to purchase the Twenty Acres and, according to Gibson, Orson offered to loan Gibson $19,000 to finance the purchase. Further, Gibson asserts Orson agreed the interest on the loan would be the same rate received on funds he had in certificates of deposit.

Gibson claims he took a $5,000 check issued from his family trust to the November 7, 1991, closing and instructed the closing agent to issue the warranty deed to Orson and Lydia Merrill (the Merrills) so they could hold the deed as security for the $19,000 loan. Gibson asserts that in addition to providing the Merrills security for the loan, he wanted to protect the property as Gibson was involved in a dispute with the IRS.

On October 29, 1991, Ada County sought a permanent injunction against Gibson, alleging his activities on the Twenty Acres violated a county zoning ordinance prohibiting junkyards. *Ada County v. Gibson,* 126 Idaho 854, 893 P.2d 801 (1995). After the November 7th closing, the Merrills and Gibson met with Ada County officials to find a way to exclude the Merrills from the injunction action. To resolve the issue, the Merrills executed an option contract giving Gibson a lease and the option to purchase the Twenty Acres on or before January 1, 1997. Gibson asserts the option contract only served to exclude the Merrills from the lawsuit and allowed the warranty deed to remain as security for the $19,000 loan. Gibson also points out he gave no consideration and never exercised the option.

According to Gibson, between 1991 and 2000, he improved the Twenty Acres by adding a fence, building a road, and contracting for a well and a pump. In addition, Gibson claims he advanced or reimbursed the Merrills in cash the equivalent of any tax assessment the Merrills paid. It is undisputed Gibson remained in possession of the Twenty Acres during this period and that he paid property taxes on the Twenty Acres on August 25, 2000, and made a pre-payment of property taxes on September 13, 2000. Also, Gibson filed a notice of ownership with Ada County on September 28, 2000.

In 1999, the Merrills discovered the property taxes on the Twenty Acres would increase. Lydia Merrill and her son realized they needed to generate income from the property and approached Gibson with a written offer to either purchase the property or continue to lease it at a monthly rate. According to the written offer, Lydia asked for $79,500, less than the appraised value. Gibson refused, but offered to repay the $19,000. Lydia refused.

On February 20, 2001, the Merrills filed a quiet title action in conjunction with a motion for a declaratory judgment in the trial court which was heard initially by Judge Williamson. The Merrills argued they owned the Twenty Acres and Gibson's interest was that of a tenant. The Merrills offered title insurance records, the warranty deed, closing instructions, and a cashier's check as evidence of ownership. The Merrills also asserted Gibson had not paid rent after December 1994, but conceded they did not request any because the land increased in value due to Gibson's improvements.

Gibson answered the complaint May 10, 2001, arguing he purchased the property September 3, 1991, and gave the Merrills the deed as security for the $19,000 loan which Orson Merrill intended to transfer back to Gibson. Gibson also claimed the Merrills could not enforce their security interest due to the running of adverse possession statutes. While this action was pending, the trial court recognized Orson Merrill as incompetent and appointed Lydia guardian ad litum.[1] The Merrills then filed a motion for summary judgment and Gibson filed an answer, counterclaim, and claim for damages September 14, 2001.

Judge Williamson denied the Merrills' summary judgment motion, except as to the issues of the validity and enforceability of the option contract and issues of adverse possession. Judge Williamson ruled the option contract void because it had expired and ruled that Gibson's adverse possession claim had no merit because Gibson did not file the notice of ownership until September 2000, and it is not until this date that the five year statutory period for adverse possession began to run. Judge Williamson scheduled trial to commence on the remaining issues March 25, 2002.

On March 21, 2002, Gibson was informed orally that retired Senior Judge D. Duff McKee would hear the case. Gibson claims he immediately inquired as to whether an official assignment of record existed and discovered there was no certified order of assignment. Gibson filed a motion to disqualify Judge McKee March 22, 2002, pursuant to I.R.C.P. 40(d)(1), claiming the Idaho Supreme Court did not appoint Judge McKee, Judge Williamson had not been disqualified, and Gibson had not received any written notice of the appointment. Several days after the trial had concluded, Vice Chief Justice Gerald Schroeder entered an order *nunc pro tunc* assigning Judge McKee to this case.

Trial commenced March 25, 2002, and Judge McKee denied Gibson's disqualification motion, ruling that I.R.C.P. 40(d)(1) was inapplicable to senior judges. After the trial, Judge McKee issued his judgment quieting title in the Merrills and ordering Gibson to pay costs. The Merrills then filed a motion for attorney fees under I.C. §§ 12–120(3) and 12–121, which Judge McKee denied. Gibson filed a timely notice of appeal from the judgment quieting title and the Merrills then cross-appealed the denial of attorney fees.

## II. STANDARD OF REVIEW

This Court reviews the denial of an I.R.C.P. 40(d)(1) motion to disqualify and the award of attorney fees for an abuse of discretion, and the burden is on the person asserting error to show an abuse of discretion. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). To determine whether the trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applica-

---

1. Orson Merrill became disabled and unable to speak in 1997–1998 due to health problems. He did not testify.

ble to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

■ This Court will only set aside a trial court's findings of fact if they are clearly erroneous. I.R.C.P. 52(a); *McCray v. Rosenkrance,* 135 Idaho 509, 513, 20 P.3d 693, 697 (2001). Evidence is substantial and competent if a reasonable trier of fact would accept it and rely on it. *Id.* Findings based on substantial, competent evidence, although conflicting, will not be disturbed on appeal. *Bolger v. Lance,* 137 Idaho 792, 53 P.3d 1211 (2002). This Court exercises free review over the trial court's conclusions of law. *Conley v. Whittlesey,* 133 Idaho 265, 269, 985 P.2d 1127, 1131 (1999).

## III. DISCUSSION

### A. The trial court did not err in denying Gibson's I.R.C.P. 40(d)(1) motion to disqualify.

Before the trial commenced, Judge McKee denied Gibson's I.R.C.P. 40(d)(1) disqualification motion because it was untimely and the rule did not apply to senior judges.

According to the version of I.R.C.P. 40(d)(1) in effect at the time of this case, "the right to disqualification without cause shall not apply to ... (iv) Senior judges assigned pursuant to I.C. § 1–2005." A senior judge is a judge "who leaves office or retires from ... a trial court" and "may be designated a senior judge ... by the supreme court." I.C. § 1–2005(1). A senior judge "is eligible for temporary assignment by the supreme court to a state court ... whenever the supreme court determines that the assignment is reasonably necessary." I.C. § 1–2005(2). The assignment "shall be made by an order which shall designate the court ... to which the judge is assigned and the duration of the assignment. Promptly after assignment ... the supreme court shall cause a certified copy of the order to be sent to the senior judge and another certified copy to the court...." I.C. § 1–2005(3).

■ Gibson argues the assignment is inconsistent with Article V, § 12, of the Idaho Constitution, which provides "any retired district judge, may hold a district court in any county at the request of the judge of the district court thereof, and upon the request of ... the chief justice...." Gibson argues that because the Chief Justice of the Idaho Supreme Court did not appoint Judge McKee, then the assignment is unconstitutional. Gibson misreads this provision of the constitution because it clearly states that a district judge may ask a retired district judge to sit, which is the case here. Moreover, an assignment order was signed by the Vice Chief Justice of the Court.

■ There is no dispute Judge McKee is a senior judge appointed pursuant to I.C. § 1–2005(3), but Gibson argues that the statute is unconstitutionally broad and requires a written assignment to be filed and a copy sent to the parties before the judge hears the case. However, I.C. § 1–2005 clearly indicates that the order of assignment need only be promptly filed with the court and the judge. In this case, an order *nunc pro tunc* was entered within three weeks of the trial, was made effective back to before Judge McKee heard the case, and the judge and the trial court received copies. There is no showing that Judge McKee did not have the authority to hear the case.

Finally, the version of I.R.C.P. 40(d)(1) in effect at the time of trial specifically excluded senior judges and allowed disqualification only for cause under I.R.C.P. 40(d)(2). Gibson never moved to disqualify Judge McKee for cause and, therefore, the trial court was correct in denying Gibson's motion to disqualify.

### B. The trial court correctly ruled on the Merrills' quiet title claim.

■ Gibson argues the Merrills' did not file the quiet title action within the time limits allowed by I.C. §§ 5–203 and 5–211. Section 5–203 provides that "no action for the recovery of real property ... can be maintained, unless it appears that the plaintiff ... was seized or possessed of the property in question within five (5) years before the commencement of the action." In addition, I.C. § 5–211 provides that when a landlord-tenant

relationship exists, "the possession of the tenant is deemed the possession of the landlord, ... where there has been no written lease, until the expiration of five (5) years from the time of the last payment of rent." Neither of these statutes has any bearing on Gibson's claims here.

 Section I.C. § 5–203 does not apply because the Merrills had legal title to the property and thereby established seisin and possession. This Court stated in *Dickerson v. Brewster*, 88 Idaho 330, 337, 399 P.2d 407 (1965), "the requirement of seisin under [I.C. § 5–203] is satisfied in any case where the party opposing an adverse claimant is the holder of the legal title." *See also, Smith v. Long*, 76 Idaho 265, 281 P.2d 483 (1955). It appears the Merrills possessed record title and satisfied any seisin requirement under I.C. § 5–203 because their names were listed on the warranty deed. As a result, I.C. § 5–203 does not bar their quiet title action.

 I.C. § 5–211 of the Idaho Code does not apply because Gibson did not bring a claim of adverse possession. As a result, I.C. § 5–211 would not bar any quiet title action by the Merrills.

While Gibson did not properly raise the issue of whether the trial court's decision was supported by substantial and competent evidence, he made some arguments to that effect in his briefing to this Court. After reviewing the record and decision, it is apparent the trial court properly weighed the evidence and determined the credibility of the parties, and there is substantial and competent evidence to support the trial court's decision.

## C. Gibson is not entitled to attorney fees at the trial court level or on appeal.

Gibson asserts he should have been the prevailing party below and on appeal and is entitled to attorney fees under I.C. § 12–121. However, as discussed above, Gibson is not the prevailing party in this action and has no right to fees.

## D. The trial court did not abuse its discretion when it denied the Merrills' request for attorney fees under I.C. §§ 12–121 and 12–120(3).

 An award of attorney fees under I.C. § 12–121 is within the broad and sound discretion of the trial court. *Etcheverry Sheep Co. v. J.R. Simplot Co.*, 113 Idaho 15, 19, 740 P.2d 57, 61 (1987); *O'Boskey v. First Fed. Sav. & Loan Ass'n*, 112 Idaho 1002, 1008, 739 P.2d 301, 307 (1987). Idaho Code Section 12–121 provides: "In any civil action, the judge *may* award reasonable attorney fees to the prevailing party or parties ..." (emphasis added). In addition, I.R.C.P. 54(e)(1) further limits a trial court's discretion by allowing a prevailing party attorney fees only if the trial court "finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation."

 The trial court denied the Merrills' request, finding Gibson's defense presented "legitimate questions regarding the alleged oral agreement" between Orson Merrill and Gibson. Given the broad discretion afforded the trial court under I.C. § 12–121, this Court finds the trial court did not abuse its discretion by denying the Merrills' request for attorney fees.

 Idaho Code Section 12–120(3) provides in part: "In any civil action to recover ... in a commercial transaction unless otherwise provided by law, the prevailing party shall be allowed reasonable attorney fees to be set by the court." The language of I.C. § 12–120(3) is mandatory and requires a trial court to award attorney fees to the prevailing party. *Inland Title Co. v. Comstock*, 116 Idaho 701, 779 P.2d 15 (1989); *Torix v. Allred*, 100 Idaho 905, 911, 606 P.2d 1334, 1340 (1980). A commercial transaction is defined "to mean all transactions except transactions for personal or household purposes." I.C. § 12–120(3). Attorney fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover. *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990); *See Sun Valley Hot Springs Ranch v. Kelsey*, 131 Idaho 657, 962 P.2d 1041 (1998).

 The trial court found the Merrills' action involved a determination of property

rights and I.C. § 12–120(3) does not support an award of attorney fees in such an action. We agree. The alleged commercial transaction in this case (leasing the Twenty Acres for operation of a nursery) is not integral to the quiet title claim. The Merrills quiet title action involves the determination of rights to the Twenty Acres; it does not involve the validity or breach of a commercial lease.

### E. The Merrills are entitled to attorney fees under I.C. § 12–121.

When faced with an appeal and cross-appeal, an appellate court may independently consider the appropriateness of an award for attorney fees in each appeal. *Fairfax v. Ramirez,* 133 Idaho 72, 982 P.2d 375 (Ct.App.1999). This Court may award attorney fees on appeal "when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). This Court will not award attorney fees "where the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Id.*

Gibson's claim that the Idaho Supreme Court's *nunc pro tunc* order is invalid, is frivolous and without foundation. In addition, Gibson admitted publicly he was a tenant when it suited his case and cited to irrelevant adverse possession statutes in support of his claim. As a result, the Merrills are entitled to attorney fees for defending Gibson's frivolous appeal under I.C. § 12–121.

### IV. CONCLUSION

The trial court properly denied Gibson's I.R.C.P. 40(d)(1) disqualification motion because senior judges appointed under I.C. § 1–2005 are excepted from I.R.C.P. 40(d)(1) motions to disqualify without cause and the *nunc pro tunc* order retroactively and properly assigned Judge McKee to this case in accordance with I.C. § 1–2005. I.C. §§ 5–203 and 5–211 are inapplicable and do not bar the Merrills' quiet title claims. The trial court properly denied the Merrills' request for attorney fees below. The decision of the trial court is affirmed. The Merrills' request for attorney fees on appeal is granted, together with their costs on appeal.

Justices KIDWELL, EISMANN and BURDICK concur.

Justice SCHROEDER sat but did not participate in the decision.