## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43465

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., F/K/A NORWEST BANK MINNESOTA, N.A. SOLELY AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC. BEAR STEARNS MORTGAGE FUNDING TRUST 2007-AR5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR5, | ) ) ) ) ) ) ) ) ) ) ) ) | 2016 Unpublished Opinion No. 615<br><br>Filed: July 28, 2016<br><br>Stephen W. Kenyon, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | |
| HILARIO LEON PEREZ, DULCE L. JUAREZ-CRUZ, | ) ) ) | |
| Defendants-Appellants. | ) ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Gregory W. Moeller, District Judge.

Judgment regarding possession of real property, <u>affirmed</u>; order denying appellants' motion to disqualify, <u>affirmed</u>.

Hilario Leon Perez, Driggs, pro se appellant

Dulce L. Juarez Cruz, Driggs, pro se appellant.

Holland & Hart LLP; Kevin C. Braley, Boise, for respondents.

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

1

PER CURIAM

Hilario Leon Perez and Dulce L. Juarez-Cruz ("appellants") appeal from the judgment regarding possession of real property. They challenge the district court's denial of their motion to disqualify the judge as untimely. We affirm.

This action arises from respondents' post-foreclosure efforts to evict appellants from property that respondents obtained from a trustee's sale. In response to respondents' foreclosure action, appellants moved to disqualify the presiding judge under Idaho Rule of Civil Procedure 40(d)(1) and claimed they were entitled to continue occupying the property under the Protecting Tenants at Foreclosure Act ("PTFA"). Respondents moved under I.R.C.P. 12(c) for judgment on the pleadings on the grounds that the PTFA defense was invalid as a matter of law. The district court held two hearings on the pending matters. The district court then denied the appellants' motion to disqualify as untimely and granted the respondents' motion for judgment on the pleadings.

Appellants now appeal the district court's denial of their motion to disqualify the judge.[1] Appellants contend the district court improperly denied the motion as untimely. This Court reviews the denial of a motion to disqualify a judge for an abuse of discretion, and the burden is on the person asserting error to show the court abused its discretion. *Merrill v. Gibson*, 139 Idaho 840, 843, 87 P.3d 949, 952 (2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Appellants filed their motion to disqualify the judge pursuant to I.R.C.P. 40(d).[2] At the time appellants filed their motion, the applicable rule establishing the deadline for filing was

---

[1] Although appellants' initially raised two issues in their notice of appeal, they have only briefed the issue of the denial of their motion. Thus, the other issue is waived. *See Bach v. Bagley*, 148 Idaho 748, 790, 229 P.3d 1146, 1152 (2010).

[2] Idaho Rule of Civil Procedure 40 has since been modified, effective July 1, 2016.

found in I.R.C.P. 40(d)(1)(B), which provided that a motion for disqualification without cause must be filed: (1) not later than seven (7) days after service of a written notice or order setting the action for status conference, pretrial conference, trial, or for hearing on the first contested motion; or (2) not later than twenty-one (21) days after service or receipt of a complaint, summons, order, or other pleading indicating or specifying who the presiding judge to the action will be. Under the Idaho Rules of Civil Procedure, service upon individuals is effective "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person over the age of eighteen (18) years then residing therein."

In denying appellants' motion to disqualify, the district court found the motion untimely using the twenty-one-day deadline computed by using the date of service of the summons and complaint. In arguing their motion was timely under the twenty-one-day deadline, appellants contend they were not served with process until March 25, 2015, thus the filing deadline should have been April 15, 2015.[3] However, this testimony is controverted by the sworn affidavit of the process server who attested that service of process was made to both appellants at 11:28 a.m. on March 20, 2015, by delivering copies of the summons and complaint to Juarez-Cruz at the appellants' home. This service was proper under the Idaho Rules of Civil Procedure. Because the summons and complaint specified the assigned presiding judge, the district court properly used the date of service in computing the filing deadline. The correct deadline for filing the motion to disqualify according to the twenty-one-day deadline was April 10, 2015. Appellants' filing of their motion on April 13, 2015, was untimely.

Respondents request attorney fees in their brief on appeal as follows: "The Trust respectfully requests attorneys' fees on appeal pursuant to Idaho Appellate Rule 41." The Idaho Supreme Court has "repeatedly held that simply requesting an award of attorney fees pursuant to Idaho Appellate Rule 41, without citing any statutory or contractual basis for the award, is insufficient to raise the issue of attorney fees on appeal." *Athay v. Stacey*, 142 Idaho 360, 371, 128 P.3d 897, 908 (2005). Respondents have not cited any statutory basis for their request of attorney fees; thus, they have not raised the issue for appeal. Because respondents are the prevailing party on appeal, they are entitled to costs, but not attorney fees. *See* I.A.R. 40.

---

[3]    Notably, March 25, 2015, is the date the process server's affidavit of service was filed with the district court.

The court did not abuse its discretion in finding appellants' April 13, 2015, motion to disqualify was untimely. The district court properly denied the motion. Thus, the judgment of the district court is affirmed. Costs, but not attorney fees, are awarded to respondents.