IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 44249

| | | |
|---|---|---|
| SCHWEITZER BASIN WATER COMPANY, | ) ) ) | Boise, September 2017 Term |
| Plaintiff-Respondent, | ) ) | 2017 Opinion No. 116 |
| v. | ) ) | Filed: November 28, 2017 |
| SCHWEITZER FIRE DISTRICT, | ) ) | Karel A. Lehrman, Clerk |
| Defendant-Appellant. | ) ) ) ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

The judgment of the district court is affirmed.

Marshall Law Office, Sandpoint, for appellant. Angela R. Marshall argued.

Stephen F. Smith, Attorney at Law, Chartered, Sandpoint, for respondent. Stephen F. Smith argued.

_____

HORTON, Justice.

Schweitzer Fire District (the District) appeals the decision of the district court granting a writ of prohibition on behalf of Schweitzer Basin Water Company (the Company) that prevents the District from taking proposed enforcement action against the Company related to perceived flow-rate deficiencies of fire hydrants owned by third-party homeowners and installed on the Company's private water system. The district court granted the writ of prohibition after concluding that the District did not have jurisdiction over the Company under Idaho Code section 41-259. The district court awarded attorney fees and costs to the Company after determining that the District's position was without a reasonable basis in fact or law. The District timely appealed. The State Fire Marshal submitted briefing as amicus curiae because the writ of prohibition at issue involves interpretation of the scope of its duties under Idaho Code.

1

# I.  FACTUAL AND PROCEDURAL BACKGROUND

The Company has operated a private water system for delivery of domestic water to residents in the Schweitzer Mountain area since 1989. Beginning in 1992, the Company has allowed homeowners to add fire hydrants to its water system under a standard contract requiring the homeowners to be responsible for maintenance of their hydrants. The District was formed in 1994. The Company and the District have had repeated disputes about the flow-rate requirements of hydrants since that time.

The present dispute began when the District sent an Order to Repair and Remedy to the Company (the Order) on May 3, 2014. Initially, the Company filed a request for a contested hearing on the issues raised in the Order. However, instead of proceeding with the contested hearing, the Company turned to the district court, seeking relief by way of a writ of prohibition. The district court issued an alternative writ of prohibition on March 20, 2015, and scheduled a show cause hearing for March 25, 2015. Following the hearing, the district court left the alternative writ of prohibition in effect and the parties attempted mediation. Mediation was unsuccessful.

Following a hearing on January 20, 2016, the district court granted the Company's request for a writ of prohibition. In its Memorandum Decision granting the relief, the district court explained that the District had no statutory authority under Idaho Code section 41-259 to compel the Company to repair the water system because the water system could not be considered a "building or structure." The district court heard the Company's motion for attorney fees on March 23, 2016, and entered an order awarding attorney fees shortly after. The district court entered the peremptory writ of prohibition and judgment on April 21, 2016. After several other post-trial motions not at issue in this appeal, the District timely appealed.

## II. STANDARD OF REVIEW

Appeals concerning jurisdiction are questions of law over which this Court exercises free review. *State v. Dist. Court of Fourth Judicial Dist.*, 143 Idaho 695, 699, 152 P.3d 566, 570 (2007). A writ of prohibition is only proper when the petitioner can show "that the tribunal, corporation, board[,] or person is proceeding without or in excess of the jurisdiction of such tribunal[,] corporation, board, or person." *Id.* at 698, 152 P.3d at 569 (quoting *Clearwater Timber Protective Ass'n v. Dist. Court of Second Judicial Dist. In and For Clearwater Cnty.*, 84 Idaho 129, 135, 369 P.2d 571, 574 (1962)). A party seeking a writ of prohibition must show that

"there is not a plain, speedy, and adequate remedy in the ordinary course of law." *Id.* The petitioner bears the burden of proof as to these two requirements. *Id.* at 699, 152 P.3d at 570 (citing *Clark v. Ada Cnty. Bd. of Comm'rs*, 98 Idaho 749, 752, 572 P.2d 501, 504 (1977)).

In the context of a writ of prohibition, the term "jurisdiction" has a specific meaning. As we explained in *Henry v. Ysursa*:

> The word "jurisdiction" when used in reference to a writ of prohibition includes the power or authority conferred by law. *Crooks v. Maynard*, 112 Idaho 312, 319, 732 P.2d 281, 288 (1987) (where administrative orders were within the "power and authority" of the administrative district judge, a writ of prohibition would not issue); *Stein v. Morrison*, 9 Idaho 426, 455, 75 P. 246, 256 (1904) (quoting from *Maurer v. Mitchell*, 53 Cal. 289, 292 (1878)) ("The word 'jurisdiction,' when used in connection with 'prohibition,' would be at once understood as being employed in the sense of the legal power or review." *State v. District Court,* 143 Idaho 695, 699, 152 P.3d 566, 570 (2007)).

148 Idaho 913, 915, 231 P.3d 1010, 1012 (2008). The District's claim of authority over the Company is grounded in statute. "Statutory interpretation is a question of law over which this Court exercises free review." *Estate of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017) (quoting *Carrillo v. Boise Tire Co.*, 152 Idaho 741, 748, 274 P.3d 1256, 1263 (2012)).

Attorney fees awarded by a district court under Idaho Code section 12-117 are reviewed for abuse of discretion. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). In determining whether a district court has abused its discretion, this Court examines whether the district court: "(1) correctly perceive[d] the issue as discretionary, (2) act[ed] within the bounds of discretion and applie[d] the correct legal standards, and (3) reache[d] the decision through an exercise of reason." *American Semiconductor, Inc. v. Sage Silicon Solutions*, *LLC*, 162 Idaho 119, 132, 395 P.3d 338, 351 (2017) (quoting *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008)). The appellant bears the burden of showing that the trial court abused its discretion. *Id.* (citing *Merrill v. Gibson*, 139 Idaho 840, 843, 87 P.3d 949, 952 (2004)).

### III. ANALYSIS

#### A. The district court correctly concluded that the District did not have jurisdiction over the Company's water system under Idaho Code section 41-259.

In its Memorandum Decision and Order Granting Writ of Prohibition, the district court considered the District's claim of authority over the Company under Idaho Code section 41-259. The district court concluded that "the Company's water system can in no way be construed as a

3

'building or other structure which, for want of repairs, . . . or by reason of age or dilapidated condition, or due to violation of the International Fire Code or from any other cause, is especially liable to fire . . . .' " The district court also decided that the administrative hearings proposed by the District did not present an adequate remedy at law for the Company. Having concluded that the two requirements for issuance of a writ of prohibition had been satisfied, the district court granted the petition. Based upon the legal arguments presented to it, the district court did not err.

As a preliminary matter, we must consider the extent to which arguments advanced by the State Fire Marshal, appearing as amicus curiae, may be properly considered when deciding this appeal. Stated summarily, the State Fire Marshal advances the thesis that the district court did not properly interpret Idaho Code section 41-259 within the context of the entire statutory fire-safety scheme. The extent to which amicus briefing may inject new legal issues into an appeal has not been previously analyzed by this Court. We find precedent from the Supreme Court of the United States to be instructive.

In *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216 (2013), the Court was asked by an amicus curiae to consider an argument not raised directly by the parties. The Court rejected the request, stating: "Because this argument was not raised by the parties or passed on by the lower courts, we do not consider it." *Id.* at 226 n.4.[1] This holding is consistent with previous decisions from the Supreme Court. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 60 n.2 (1981); *Bell v. Wolfish*, 441 U.S. 520, 532 n.13 (1979); *Knetsch v. United States*, 364 U.S. 361, 370 (1960). We adopt the approach of the United States Supreme Court and will not consider arguments advanced by amicus curiae which have not been raised by the parties.

**1. This Court must decide the question of the District's jurisdiction only by consideration of Idaho Code section 41-259.**

---

[1] Viewed charitably, the District may have attempted to raise the arguments advanced by the Fire Marshal in the present appeal. In a footnote in its opening brief, the District states: "The Amicus Brief filed by the Attorney General contains a thorough analysis of the issue of jurisdiction."
We do not view this footnote as sufficient to inject the issues raised by amicus curiae into this appeal. First, the District does not explicitly adopt or incorporate those arguments. Of far greater importance, the arguments advanced by amicus curiae were not presented to the district court. "This Court will not consider issues raised for the first time on appeal." *Watkins Co., LLC v. Estate of Storms*, 161 Idaho 683, 685, 390 P.3d 409, 411 (2017) (quoting *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011)).

Prior to the first hearing in this litigation, the District submitted a brief in support of its objection to the Company's petition. The following is the entirety of its argument in support of its claim of authority over the Company:

> On the first issue of jurisdiction, the express authority was given to the District by IDAPA, the Statutes of Idaho, and the International Fire Code adopted by the State of Idaho. This is conceded by the Company's affiant Mark Larsen [sic] with regards to I.C. 41-253 through 41-269 and also administrative hearings. (SeeP.5, P6, ML Affidavit).

We first note that Mr. Larson's affidavit did not make the concession which the District asserts. Rather, his affidavit recites his credentials, including prior service as the State Fire Marshal and his duty to enforce the International Fire Code. Mr. Larson's affidavit concludes: "Based upon my findings concerning the [Company's water] system, and my knowledge of the applicability of the International Fire Code, the International Fire Code would not apply to the system."

We next observe that the District's argument regarding its statutory authority is simply conclusory. This is undoubtedly the reason that the district court opened its first hearing with a request that the District identify the statutory basis of its authority to compel the Company to make changes to its water system:

> Just let me say, though, the Court's concern is I'm looking at Idaho Code 41-259 because I think that's the authority that the Fire District is attempting to use to say that they have the ability to order the water company to do certain things. And the Court's concern is that that section does not seem to apply to what I see that the Fire District is trying to accomplish in this case. It speaks to the state fire marshal or the fire marshal's deputies having the authority to order remedies when they find that buildings or structures are dangerous and constitute a fire hazard and that it says when they so endanger life, other buildings or structures, they can order a remedy. And there's all sorts of penalties. There's daily penalties. But I'm having a hard time seeing how that would apply to an issue over whether fire hydrants within a water district have enough water flow.
>
> So -- and I think that's the reason the Court granted the Writ of Prohibition because I'm not knowing -- I'm concerned that the Fire District may be acting outside its jurisdiction.

Despite the district court's request, the District never identified any other statute that would give it authority over the Company. As the district court noted in its Memorandum Decision, "As early as the show cause hearing, nearly one year ago, this Court signaled to the District that it might lack jurisdiction in this case; and yet, to this day, the District has failed to present any factual or legal basis supporting its claim of jurisdiction . . . ."

5

The District's failure to identify pertinent statutory authority has not been rectified on appeal. Its opening brief contains an argument that was evidently cut and pasted from its original brief before the district court:

> On the first issue of jurisdiction, the express authority was given to the District by IDAPA, the Statutes of Idaho, and the International Fire Code adopted by the State of Idaho. This is conceded by the [Company's] affiant Mark Larsen [sic] with regards to I.C. 41-253 through 41-269 and also administrative hearings.

The District's opening brief did not expand on this claim. Despite a one-sentence assertion that "[t]he language contained in Idaho Code and IDAPA grants express authority to [the District] to enforce all aspects of the International Fire Code, including the enforcement of fire flows," the District did not identify a statute or rule that conferred this "express authority."

Thus, apart from Idaho Code section 41-259—identified by the district court as the only statute that appeared to address the scope of the District's authority to compel changes to the Company's system—the District has waived its claim that the district court erred with regard to jurisdiction by failing to properly provide this Court with argument and authority. *See Murray v. State*, 156 Idaho 159, 168, 321 P.3d 709, 718 (2014) ("A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking.") (quoting *State v. Wood*, 132 Idaho 88, 94, 967 P.2d 702, 708 (1998)). Thus, despite the District's failure to even cite to Idaho Code section 41-259 in its briefing before this Court, we will consider only whether that statute provides the District with the authority it claims to have.

**2. Idaho Code section 41-259 does not give the District jurisdiction over the fire hydrants on the Company's water system.**

The district court considered Idaho Code section 41-259 in detail and concluded that the Company's water system was not governed by the statute. This Court has consistently held that: "Statutory interpretation begins with the literal words of the statute, and this language should be given its plain, obvious, and rational meaning." *Chandler's-Boise LLC v. Idaho State Tax Comm'n*, 162 Idaho 447, 452, 398 P.3d 180, 185, (2017) (quoting *Jayo Dev., Inc. v. Ada Cnty. Bd. of Equalization*, 158 Idaho 148, 152, 345 P.3d 207, 211 (2015)). Idaho Code section 41-259 provides:

> The state fire marshal, his deputies or assistants, upon the written and signed complaint of any person or whenever he or they shall deem it necessary, **may at reasonable hours inspect buildings and premises within their jurisdiction**, upon the presentation of proper credentials, except the interior of

6

private dwellings, private garages appertaining to such residences, or buildings on farms of more than five (5) acres.

Whenever any of said officers shall find that **any building or other structure** which, for want of repairs, or lack of or insufficient fire escapes, automatic or other fire alarm apparatus or fire extinguishing equipment, or by reason of age or dilapidated condition, or due to violation of the International Fire Code or from any other cause, is especially liable to fire, and is so situated as to endanger life, other buildings or structures or said building or structure, **he or they shall order the same to be remedied or removed**, and such order shall forthwith be complied with by the owner or occupant of such premises or buildings, unless said owner or occupant avail himself of the appeals procedure set forth in this act.

The service of any such order shall be made upon the owner or occupant either by delivering to and leaving with the said person a true copy of the said order, or, by mailing such copy to the owner or occupant's last known address. All mailings shall be registered or certified, with return receipt.

I.C. § 41-259 (emphasis added).

The district court correctly held that "the Company's water system can in no way be construed as a 'building or other structure' " that would fall under the jurisdiction conveyed by Idaho Code section 41-259. While the plain language of section 41-259 provides the District authority to *inspect* "buildings and premises," the statute only grants authority to the District to order remedy and repair of "buildings or other structures." I.C. § 41-259.

The District's authority to enter repair or removal orders does not extend to all buildings or structures. Instead, such orders may be entered only if some deficiency ("want of repairs, or lack of or insufficient fire escapes, automatic or other fire alarm apparatus or fire extinguishing equipment, or by reason of age or dilapidated condition, or due to violation of the International Fire Code") renders the building or structure "especially liable to fire." There is simply no factual basis in the record before this Court that the Company's system presents such a risk.[2] Thus, even with an expansive interpretation of the "other structure" language of the statute, the

---

[2] We acknowledge that there is some ambiguity in the statute. It is unclear whether repair and removal orders may be entered with regard to all buildings or structures which represent a high risk for fire. The statute qualifies the circumstances in which such orders may be entered. Such orders may be entered only if the high-risk building or structure "is so situated as to endanger life, other buildings or structures or said building or structure." The last five words of this clause present the ambiguity. It is difficult to conceive how a building or structure might be situated in such a fashion as to represent a danger to itself.

plain language of Idaho Code section 41-259 did not give the District authority to enter the repair or removal order.

### 3. The administrative hearing process proposed by the District does not represent an adequate remedy at law when jurisdiction over the Company does not exist.

As this Court observed in *Wasden v. State Board of Land Commissioners*: "writs of prohibition are extraordinary and are issued with caution." 150 Idaho 547, 552, 249 P.3d 346, 351 (2010) (quoting *Gibbons v. Cenarrusa*, 140 Idaho 316, 318, 92 P.3d 1063, 1065 (2002)). As such, a writ of prohibition is not appropriate when there is " 'a plain, speedy, and adequate remedy in the ordinary course of law.' " *Id*. In *Wasden*, we explained that "[t]he remedy must be evident, obvious, simple or not complicated." *Id*. Further, we added that "a request for injunctive relief is the obvious course of action" that could be joined with an action for declaratory judgment when a party seeks to prevent another party from acting in a certain manner. *Id*.

While this case law is clear, the only alternative remedy that the District identified before the trial court and in this appeal is the administrative hearing process outlined in Idaho Code section 41-260. Thus, we will only consider whether such an administrative hearing constitutes a plain, speedy, and adequate remedy in the ordinary course of law. *Murray*, 156 Idaho at 168, 321 P.3d at 718.

The District directs us to the administrative hearing process in Idaho Code section 41-260:

> If an order to remedy or remove, or a local appeal decision regarding the interpretation of the International Fire Code or rules of the state fire marshal, is made by the deputies or assistants of the state fire marshal, **such owner or occupant who receives the order, or a party aggrieved** by a local appeal decision, **may, within twenty (20) days after receipt of service of such order or local appeal decision, appeal to the state fire marshal**, who shall within ten (10) days, review such order or local appeal decision and if affirmed, file his decision thereon, and unless by his authority the order or local appeal decision is revoked or modified it shall remain in full force and be complied with within the time fixed in said order, local appeal decision, or decision of the state fire marshal.
>
> Provided, however, that any such owner, occupant or party who feels himself aggrieved by any such order or local appeal decision, or affirming of such order or local appeal decision, may within thirty (30) days after the making or affirming of any such order or local appeal decision by the state fire marshal, **appeal such order or local appeal decision to the district court having jurisdiction of the property.**

8

I.C. § 41-260 (emphasis added). The district court explained the District's interpretation of this process in this way: "the Company should be required to first exhaust the administrative process of 'hearing board → appeal to State Fire Marshal → judicial review . . . .' "

Although the District has not argued that the Company's action should have been dismissed for failure to exhaust this administrative process,[3] cases discussing the exhaustion requirement are instructive in determining whether the administrative process represents an adequate alternative remedy. We first acknowledge that available administrative remedies generally must be exhausted before the district courts can hear a case; however this rule does not invariably apply. *Park v. Banbury*, 143 Idaho 576, 580, 149 P.3d 851, 855 (2006) (citing *Fairway Dev. Co. v. Bannock Cnty.*, 119 Idaho 121, 125, 804 P.2d 294, 298 (1990)). One instance where the exhaustion requirement does not apply is when the administrative agency has acted outside of its authority. *Id.* at 580–81, 149 P.3d at 855–56 ("[C]ourts will not require exhaustion 'when the agency is palpably without jurisdiction.' ") (quoting *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 627, 586 P.2d 1068, 1071 (1978)).

The District argues that the Company should have appeared before a hearing board that the Company contends has no authority over it in order to dispute the District's claim of jurisdiction. The District also argues that the proposed administrative hearing would result in a speedier resolution than the writ of prohibition sought by the Company. What the District fails to appreciate, however, is that the District simply has no jurisdiction under Idaho Code section 41-259 to require the Company to participate in the administrative process in the first instance. Therefore, we hold that the district court correctly determined that the administrative remedy proposed by the District was not an alternative plain, speedy, and adequate remedy.

**B. The district court did not abuse its discretion in awarding attorney fees to the Company.**

Attorney fees awarded by a district court under Idaho Code section 12-117 are reviewed by this Court for an abuse of discretion. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). In determining whether a district court abused its discretion, this Court examines whether the district court: "(1) correctly perceive[d] the issue as discretionary, (2) act[ed] within the bounds of discretion and applie[d] the correct legal standards, and (3)

---

[3] Instead, the District argues that the availability of the administrative remedy presents an alternative, adequate remedy that makes a writ of prohibition improper under the two-pronged approach in *Wasden*.

9

reache[d] the decision through an exercise of reason." *American Semiconductor, Inc. v. Sage Silicon Solutions, LLC*, 162 Idaho 119, 132, 395 P.3d 338, 351 (2017) (quoting *O'Connor v. Harger Constr., Inc.,* 145 Idaho 904, 909, 188 P.3d 846, 851 (2008)). Under this standard, the appellant bears the burden of demonstrating that the trial court's decision failed to satisfy some aspect of the governing three-part test. *Id.* (citing *Merrill v. Gibson*, 139 Idaho 840, 843, 87 P.3d 949, 952 (2004)).

The District's opening brief does not mention the applicable three-part test. Instead, the District contends that its actions were reasonable because "there is no controlling ordinance or statute preventing the actions of the [District.]" We are unable to accept the premise that an explicit statutory prohibition is a prerequisite to an award of attorney fees.

The district court clearly recognized the issue of attorney fees as a matter committed to its discretion. The district court identified the governing legal standards and made a decision within the bounds of its discretion. The district court cogently explained the reasons for its decision to award the Company attorney fees, observing that "this Court signaled to the District that it might lack jurisdiction in this case; and yet, to this day, the District has failed to present any factual or legal basis supporting its claim of jurisdiction, causing the Company to continue accruing attorney's fees litigating this matter." The District has not shown that the district court abused its discretion in awarding attorney fees to the Company.[4] Therefore, the district court's award of attorney fees is affirmed.

### C. We award the Company attorney fees and costs on appeal.

Both the District and the Company request attorney fees on appeal under Idaho Code section 12-117. This section provides, in pertinent part, as follows:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees

---

[4] Even if the District had demonstrated that the district court abused its discretion by awarding attorney fees under Idaho Code section 12-117, we would still be bound to affirm the award of attorney fees. This is because the district court identified an alternative basis for its award of attorney fees to the Company when it determined that they were properly awarded as damages under Idaho Code section 7-312. The District has not challenged this alternative basis for the district court's fee award. "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *Ballard v. Kerr*, 160 Idaho 674, 699, 378 P.3d 464, 489 (2016) (quoting *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015)).

and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). The District has not prevailed in this appeal, therefore, it is not entitled to an award of fees or costs.

"Where an agency has no authority to take a particular action, it acts without a reasonable basis in fact or law." *Syringa Networks, LLC v. Idaho Dept. of Admin.*, 159 Idaho 813, 831, 367 P.3d 208, 226 (2016) (quoting *Fischer v. City of Ketchum*, 141 Idaho 349, 356, 109 P.3d 1091, 1098 (2005) *overruled on other grounds by City of Osburn v. Randel*, 152 Idaho 906, 277 P.3d 353 (2012)). We award the Company attorney fees on appeal.

## IV. CONCLUSION

We affirm the judgment of the district court granting the Company's petition for writ of prohibition and awarding attorney fees to the Company. We award attorney fees and costs on appeal to the Company.

Chief Justice BURDICK, and Justices JONES, BRODY and Justice Pro Tem WALTERS **CONCUR.**